IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
) Case No. 10-20738
DIKA-LAKEVIEW, LLC, ) Chapter 11
an Illinois Limited Liability Company, ) Judge Wedoff
)
Debtor/Debtor-in-Possession. )

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 6th day of March, 2012 at 9:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, in the room usually occupied by him as courtroom 744 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **MOTION FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

/s/David K. Welch
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle, #3705
Chicago, IL 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

STATE OF ILLINOIS   )
)
COUNTY OF COOK   )

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 14th day of February, 2012

/s/David K. Welch

## SERVICE LIST

United States Trustee*
Dirksen Federal Building
219 South Dearborn Street
Suite 873
Chicago, IL 60604

Thomas W. Goedert*
Neal & Leroy LLC
203 N. LaSalle St., #2300
Chicago, IL 60601

Konstantinos Armiros*
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606-3910

Jonathan P. Friedland*
Levenfeld Pearlstein LLC
Two N. LaSalle St., Suite 1300
Chicago, IL 60602

Larry Kanar*
471 White Oak Lane
Deerfield, IL 60015

Marshall Dickler*
Dickler Kahn Slowikowski & Zavell
85 W. Algonquin Rd., Ste. 420
Arlington Heights, IL 60005

Advanced Health & Physicians
1767 W Ogden
Naperville, IL 60540

Asp Realty, Inc.
c/o Supervalue Inc.
PO Box 20
Boise, ID 83726

City of Naperville
400 S. Eagle St.
Naperville, IL 60540

Dennis Peterson Construction
16913 Swift Arrow Dr.
Lockport, IL 60441

Dickler Kahn Slowikowski &
Zavell Ltd., Attorneys & Counselors
85 W. Algonquin Rd., Ste. 420
Arlington Heights, IL

DuPage County Treasurer
421 North County Farm Rd.
Wheaton, IL 60187

Edgemark Asset Management LLC
2215 York Rd., Ste. 503
Oak Brook, IL 60523-4016

Fontanos Subs
1767 W Ogden
Naperville, IL 60540

Kessler Orlean Silver PC
1101 Lake Cook Road
Suite C
Deerfield, IL 60015

Lakeview Cleansers
1767 W Ogden
Naperville, IL 60540

Michael Lakota/ Richard Edwards
1767 W Ogden
Naperville, IL 60540

Miller Canfield Paddock & Stone PLC
225 W. Washington St.
Suite 2600
Chicago, IL 60606

Omni Commercial Services, Inc.
PO Box 224
Algonquin, IL 60102

One North Star
7345 N. Harlem Ave.
Niles, IL 60714

Post Net
1767 W Ogden
Naperville, IL 60540

Preston Construction
622 N. Rozanne Dr.
Addison, IL 60101

Sam Provenzano
c/o Zano
1767 W. Ogden
Naperville, IL 60540

Super Value
250 Park Center Blvd
Boise, ID 83726

Thomas W. Goedert
Neal & Leroy LLC
203 N. LaSalle St., Ste. 2300
Chicago, IL 60601

Total Fire & Safety, Inc.
6808 Hobson Valley Dr., #105
Woodridge, IL 60517

Wells Fargo Bk. c/o CW Capital Mgt.
701 13th St. NW, Ste 1000
Attn: Geoffrey Wood
Washington, DC 20005

Zanos Hair Salon
1767 W Ogden
Naperville, IL 60540

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

DIKA-LAKEVIEW, LLC,
an Illinois Limited Liability Company,

       Debtor/Debtor-in-Possession.

Case No. 10-20738
Chapter 11
Judge Wedoff

## NOTICE OF HEARING ON MOTION FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

    PLEASE TAKE NOTICE that on February 14, 2012, Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, filed a Motion for Allowance of Interim Compensation and Reimbursement of Expenses (the "CHSWC Motion"), thereby requesting the sum of $119,010.00 for legal services rendered to the Debtor for the period commencing January 13, 2011 through and including December 7, 2011, plus costs advanced for the same period in the sum of $9,298.90.

    PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **2nd day of March, 2012**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

    PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion, together with objections timely filed, if any, will be held before the Honorable Eugene R. Weoff, Bankruptcy Judge, Courtroom No. 744, 219 South Dearborn Street, Chicago, Illinois, on the **6th day of March, 2012**, at the hour of **9:30 a.m.**, at which time and place you may appear if you so see fit.

DATED: February 14, 2012

**DEBTOR'S COUNSEL:**
David K. Welch, Esq.
(Atty. No. 06183621)
Arthur G. Simon, Esq.
(Atty. No. 03124481)
Jeffrey C. Dan. Esq.
(Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\GRACE\Dika-Lakeview CH11\fee.CHSWC.notice.Final.wpd

1

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
                                          )  Case No. 10-20738
DIKA-LAKEVIEW, LLC,                       )  Chapter 11
an Illinois Limited Liability Company,    )  Judge Wedoff
                                          )
            Debtor/Debtor-in-Possession.  )

## COVER SHEET FOR FINAL APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:   <u>June 1, 2010</u>   (Retroactive to May 6, 2010)

Period for Which Compensation
is Sought:   From: <u>January 13, 2011</u>   through <u>December 7, 2011</u>

Amount of Fees Sought: <u>$119,010.00</u>

Amount of Expense
Reimbursement Sought: <u>$9,298.90</u>

This is a(n):  Interim Application  __   Final Application  X
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 1/26/11 | 4/26/10-1/12/11 | $130,108.98 | $130,108.98 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: $130,108.98

Date: February 14, 2012

Applicant:    David K. Welch and the firm
              <u>Crane, Heyman, Simon, Welch & Clar</u>

              By: <u>/s/David K. Welch</u>
                    Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
                                          )  Case No. 10-20738
DIKA-LAKEVIEW, LLC,                       )  Chapter 11
an Illinois Limited Liability Company,    )  Judge Wedoff
                                          )
Debtor/Debtor-in-Possession.              )

**MOTION FOR FINAL ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**

David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"), Counsel to DIKA-LAKEVIEW, LLC, Debtor and Debtor in Possession herein, make their Motion pursuant to Section 330 of the Bankruptcy Code for Final Allowance of Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred during the period January 13, 2011, through December 7, 2011; and in support thereof, state as follows:

**Introduction**

1.      On May 6, 2010, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2.      The Debtor operated its business and managed its financial affairs as Debtor-in-Possession through confirmation of its Third Amended Plan of Reorganization ("Plan"). No trustee, examiner or committee of unsecured creditors was appointed to serve in this reorganization case.

-1-

3. On June 1, 2010, this Court entered an Order authorizing the Debtor to retain CHSWC as its Counsel in this Chapter 11 case retroactive to May 6, 2010, with compensation subject to the further Order of this Court.

4. By this Motion, CHSWC requests a final allowance of compensation and reimbursement of expenses in the amounts of $119,010.00 and $9,298.90, respectively, for legal services rendered to the Debtor during the period January 13,2011, through December 7, 2011. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

5. CHSWC has received one prior allowance of interim compensation and expenses in this Chapter 11 case in the amounts of $103,549.00 and $2,659.98, respectively ("Interim Allowance"). The pre-petition retainer of $60,000.00 received by CHSWC was applied by CHSWC to the Interim Allowance. The balance of the Interim Allowance has been paid the Debtor. CHSWC also requests that this Court approve the Interim Allowance under Section 330 of the Bankruptcy Code.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

7. The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Rule 5082-1of the Local Rules of this Court.

**Relevant Factual Background**

8.  The Debtor is an Illinois limited liability company that is the owner and operator of a commercial shopping center located in Naperville, Illinois, known as "Lakeview Square Shopping Center" ("Property").

9.  The Property is comprised of approximately ten (10) units of retail shopping center space and is located at 1767 West Ogden Avenue, Naperville, Illinois.

10. The Debtor's operational and profitability problems are principally due to the general economic problems facing this country over the last several years (particularly in real estate) which has resulted in periodic declines in occupancy levels and the extended time required to bring occupancy levels back to proper levels.

11. The Debtor attempted, without success, to engage Wells Fargo Bank, N.A., as Trustee for the Registered Holders of GE Commercial Mortgage Corporation, Commercial Mortgage Pass-Trough Certificates, Series 2004-C3, the Debtor's prior mortgage lender ("Prior Lender") in a discussion over a restructuring of the underlying mortgage indebtedness.

12. This Court entered a series of Cash Collateral Orders which permitted the Debtor to maintain uninterrupted business operations throughout this Chapter 11 Case.

13. Pursuant to Section 362(d)(3) of the Bankruptcy Code, the Debtor made contract interest payments to the Prior Lender during this Chapter 11 case.

14. The Debtor objected to the claim filed by the Lender. This Claim Objection was resolved in conjunction with confirmation of the Plan.

15. On October 15, 2010, the Debtor filed its original Plan of Reorganization and supporting Disclosure Statement. On December 27, 2010, the Debtor filed its First

Amended Plan of Reorganization. Only the Prior Lender voted to reject the Plan. All other creditors that cast ballots voted to accept the Plan.

16. On January 7, 2011, the Prior Lender filed its competing Plan of Liquidation ("Prior Lender's Plan"). On the eve of a contested confirmation hearing relating to the competing Plans filed by the Debtor and Prior Lender, the Prior Lender announced that it had sold its note and mortgage. As a result, the competing Plans were withdrawn and the contested confirmation hearing was stricken.

17. Eventually, Illinois Note Investors, LLC ("INI") bought the Prior Lender's note and mortgage. Thereafter, INI sold the note and mortgage to 007 Investments, LLC ("Investments").

18. The Debtor and Investments negotiated the terms and conditions of a consensual Plan of Reorganization ("Consensual Plan") which was confirmed by this Court on December 7, 2011.

19. The Consensual Plan has been substantially consummated within the meaning of Section 1101(2) of the Bankruptcy Code.

**Interim Compensation
and Expenses Requested**

20. CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency. CHSWC is comprised of six (6) members and one (1) associate, some of whom have participated in representing the Debtor in this bankruptcy case.

21. The following is biographical information pertaining to those attorneys who

have been primarily involved in the representation of the Debtor. Other attorneys at CHSWC have also participated to a lesser extent in this Chapter 11 case. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

22. DAVID K. WELCH is a member of the law firm and has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary

Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

23.     ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola University of Chicago, School of Law. Mr. Simon has been admitted to practice law in the state courts of Illinois, in the United States Court of Appeals for the Seventh Circuit, and in the United States District Courts for the Northern and Central Districts of Illinois, the Eastern District of Wisconsin and the Northern District of Indiana. He is a member of the Federal Trial Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy and insolvency litigation and has represented virtually every type of party in such matters, including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors' committees. His activities have included membership in the Chicago Bar Association Committee on Bankruptcy and Reorganization. He has served as the Editor of the Advance Sheets provided by said Committee. In that capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

24. JEFFREY C. DAN is a member of CHSWC and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy and bankruptcy litigation as well as State Court litigation that arises in insolvency matters. He has served as a member of the Illinois State Bar Association, Commercial Banking and Bankruptcy Law Section Council. Mr. Dan is a member of the Federal Trial Bar and is admitted to practice before the United States Court of Appeals for the Seventh Circuit and the United States Court of Appeals for the Third Circuit. He is also admitted to practice before the United States District Courts for the Northern District of Illinois, Northern District of Indiana, Central District of Illinois and Eastern District of Wisconsin.

25. The hourly rates usually charged by CHSWC in matters of this nature are as follows:

| Attorney | 2011 Hourly Rates |
|---|---|
| Eugene Crane (EC)[1] | $485.00 |
| Glenn R. Heyman (GRH) | $485.00 |
| Arthur G. Simon (AGS) | $450.00 |
| David K. Welch (DKW) | $450.00 |
| Scott R. Clar (SRC) | $450.00 |
| Jeffrey C. Dan (JCD) | $375.00 |
| John H. Redfield (JHR) | $360.00 |

---

[1] These are the abbreviations utilized in the Exhibits to this Motion.

26. The following is a chart that depicts the total hours that each attorney at CHSWC expended in representing the Debtor during the relevant period:

| Attorney | 2011 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 26.90 | $ 10,170.00 |
| David K. Welch | 241.00 | $108,180.00 |
| Jeffrey C. Dan | 1.70 | $     300.00 |
| John H. Redfield | 1.00 | $     360.00 |
| **Total** | **270.60** | **$119,010.00** |

27. During the course of the representation of the Debtor during the relevant period, CHSWC incurred expenses of $9,298.90. These expenses are itemized on **Exhibit B** to this Motion.

**Legal Services Rendered to the Debtor**

28. The representation of the Debtor is categorized in this Motion as follows:

A. **General Administration**
The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing bankruptcy schedules, routine motions and professionals' fee applications and retention motions. Also included in this category are legal services related to and assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

**Total Time Expended**                                  **9.20**   hours

| Attorney | 2011 Hours | Amount |
|---|---|---|
| David K. Welch | 9.20 | $4,140.00 |
| **TOTAL** | **9.20** | **$4,140.00** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

-8-

B) **Property Issues**

Various issues arose during the course of this Chapter 11 case relating to the Property. These issues included the payment of real estate taxes, negotiation of leases and lease amendments, forbearance issues with tenants and post-petition contracts. CHSWC has assisted the Debtor with all of these issues.

**Total Time Expended**      **4.90** hours

| Attorney | 2011 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 1.10 | $ 495.00 |
| David K. Welch | 3.80 | $1,710.00 |
| **TOTAL** | **4.90** | **$2,205.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

C) **Cash Collateral Issues**

The success of this Chapter 11 case, in large part, depended upon the entry of a series of Cash Collateral Orders by this Court. While these Cash Collateral Orders were entered on a consensual basis with the Prior Lender, INI and Investments, disputes over the budgets and adequate protection arose with the Prior Lender which were addressed and resolved by CHSWC.

**Total Time Expended**      **19.10** hours

| Attorney | 2011 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 0.40 | $ 0.00 |
| Arthur G. Simon | 1.00 | $ 1.00 |
| David K. Welch | 17.70 | $7,965.00 |
| **TOTAL** | **19.10** | **$8,415.00** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this category.

-9-

D) **Prior Lender's Claim and Objection Thereto**

The Prior Lender filed a claim in this Chapter 11 case in an amount in excess of $6,000,000.00. On November 30, 2010, the Debtor filed its Objection to the Allowance of the Prior Lender's Claim. The grounds for this Claim Objection included the excessive amount of the Claim, miscalculation of the actual amount of the Claim, inclusion of penalties, interest, pre-payment premiums and fees and costs in the Claim that are unreasonable, and the standing of CW Capital to act on behalf of the Prior Lender. The Prior Lender responded to the Claim Objection. Eventually, this Claim Objection was resolved in conjunction with confirmation of the Plan.

**Total Time Expended**                                          24.70   hours

| Attorney | 2011 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 0.40 | $    0.00 |
| Arthur G. Simon | 5.50 | $2,475.00 |
| David K. Welch | 17.80 | $8,010.00 |
| John H. Redfield | 1.00 | $  360.00 |
| **TOTAL** | **24.70** | **$10,845.00** |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

E) **Plan And Disclosure Statement**

The Debtor filed a Plan and Disclosure Statement and pursued a prompt exit strategy from this Chapter 11 case. Only the Prior Lender voted against the Plan and objected to the confirmation of the Plan. The results of balloting on the Plan were such that the Debtor could proceed with confirmation despite the rejection of the Plan by the Prior Lender. This Court made preliminary rulings relating to the Plan which permitted the confirmation hearing to proceed. The only delay in proceeding with confirmation was attributable to the timing relating to a combined hearing on the Plan and the Prior Lender's Plan. Eventually, this Court confirmed the Consensual Plan.

| **Total Time Expended** | | **171.10** | **hours** |
|---|---|---|---|
| Attorney | 2011 Hours | Amount | |
| Arthur G. Simon | 2.80 | $      0.00 | |
| Arthur G. Simon | 13.10 | $ 5,895.00 | |
| David K. Welch | 0.60 | $      0.00 | |
| David K. Welch | 152.90 | $68,805.00 | |
| Jeffrey C. Dan | 0.90 | $      0.00 | |
| Jeffrey C. Dan | 0.80 | $   300.00 | |
| **TOTAL** | **171.10** | **$75,000.00** | |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

    F)    **FNBB Litigation**

The First National Bank of Brookfield ("FNBB") commenced litigation against the Debtor in this Court over the Debtor's ownership of certain restaurant equipment the Debtor acquired from a tenant pursuant to an Order fo the Circuit Court of DuPage County, Illinois. Specifically, FNBB asserted that the Debtor's acquisition of this restaurant equipment was subject to FNBB's liens and claim of approximately $300,000.00. The Debtor disputed these contentions. This Court recently approved a settlement between the Debtor and FNBB pursuant to which the Debtor merely paid $20,000.00 to FNBB in exchange for a release.

| **Total Time Expended** | | **41.60 hours** |
|---|---|---|
| Attorney | 2011 Hours | Amount |
| Arthur G. Simon | 0.70 | $      0.00 |
| Arthur G. Simon | 1.90 | $   855.00 |
| David K. Welch | 39.00 | $17,550.00 |
| **TOTAL** | **41.60** | **$18,405.00** |

Attached to this Motion as **Exhibit H** is an itemization of the legal services rendered in this category.

**Conclusion**

29.   Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity. The sole and exclusive source of compensation shall be funds of the Debtor.

30.   CHSWC asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

31.   CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

32.   CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

33.   CHSWC also requests that this Court approve the Interim Allowance under Section 330 of the Bankruptcy Code.

WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, request the entry of an Order allowing interim compensation and reimbursement of expenses in the amounts of $119,010.00

and $9,298.90, respectively; allowing the Interim Allowance under Section 330 of the Bankruptcy Code; and granting such other relief as may be just and appropriate.

Respectfully Submitted,

DAVID K. WELCH, and the law firm of
CRANE, HEYMAN, SIMON, WELCH & CLAR

By: /s/David K. Welch

**DEBTOR'S COUNSEL:**
David K. Welch, Esq.(Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan. Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\GRACE\Dika-Lakeview CH11\Pay CHSWC.Final.mot.wpd